IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| CAN SOFTTECH, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 24-1009 |
| v. | ) ) | Filed: January 31, 2025 |
| THE UNITED STATES, | ) ) | Re-issued: February 18, 2025* |
| Defendant. | ) ) ) | |

### SUPPLEMENTAL ORDER AND OPINION

Plaintiff CAN Softtech, Inc. ("CSI") previously moved for an order requiring the Government to complete the Administrative Record with additional evidence CSI believes the Government improperly withheld. *See* Mot. to Complete, ECF No. 18. The Court found that CSI largely failed to meet its burden of showing that the record is incomplete, except with respect to a missing attachment, consisting of a draft memorandum, referenced in a decisional document in the Administrative Record regarding potential Procurement Integrity Act ("PIA") violations. *See* Op. & Order at 14–15, ECF No. 34. The Court ordered the Government to submit the draft memorandum and associated documents for *in camera* review and a final determination of whether the materials should be included in the Administrative Record. For the reasons that follow, the Court **GRANTS IN PART** CSI's request with respect to this document and **ORDERS** the Government to complete the Administrative Record with a redacted copy of the draft memorandum as described below.

---

* The Court issued this order and opinion under seal on January 31, 2025, and directed the parties to file any proposed redactions by February 11, 2025. As the parties did not propose any redactions, the Court reissues the order and opinion publicly in full.

Pursuant to the Court's order, the Government submitted the attachment, which is entitled "Draft D&F ELFF Procurement Integrity Violation or Possible Violation" ("Draft PIA Memo"), *see* Admin. R. at 781, ECF No. 19-1 ("AR"),[1] for *in camera* review on October 8, 2024. *See* Notice of Submission (Oct. 8, 2024). The submission included 23 attachments—largely email communications—referenced within the Draft PIA Memo. The Government also filed a Notice explaining its basis for withholding the draft memorandum and associated attachments. *See* Notice of Submitting Docs. for *In Camera* Review, ECF No. 33. The Government explains that none of the materials were "developed and considered in making the decisions involving the solicitation and incumbent contract" at issue in this litigation. *Id.* at 1. The Government further argues that the materials reflect "pre-decisional and deliberative information," as well as attorney-client privileged information, "that is not necessary for meaningful judicial review." *Id.* at 3. It declined to propose any redactions to its submission.

As the Court explained in its Opinion and Order, the standard that a plaintiff must meet to complete the administrative record is different than the standard to supplement the record. *See* ECF No. 34 at 4 (citing *Poplar Point RBBR, LLC v. United States*, 145 Fed. Cl. 489, 494 (2019); *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379–80 (Fed. Cir. 2009)). The supplementation standard asks whether the existing record is "sufficient to permit meaningful judicial review" or, conversely, whether "the omission of extra-record evidence precludes effective judicial review." *Axiom*, 564 F.3d at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000)). The completion standard—CSI's basis for seeking additional evidence here—asks only whether the plaintiff has provided "clear evidence" that the agency "generated or considered"

---

[1] For ease of reference, citations to the Administrative Record refer to the bates-labeled page numbers rather than the ECF page numbers.

information "during the procurement and decisionmaking process" but omitted that information from the record filed in court. *Poplar Point*, 145 Fed Cl. at 494 (quoting *ARKRAY USA, Inc. v. United States*, No. 14-233C, 2014 WL 2905127, at *4 (Fed. Cl. Apr. 28, 2014)); *ELB Servs., LLC v. United States*, 172 Fed. Cl. 233, 241 (2024). Internal deliberative and other privileged materials are generally considered not to be part of the administrative record. ECF No. 34 at 7–8 (collecting cases); *see also* Op. & Order at 9–12, ECF No. 40 (denying CSI's motion for reconsideration).

Having reviewed the Government's *in camera* submission, the Court agrees that the agency's findings and determination on the potential PIA violations are not in themselves at issue in this protest. But the Government affirmatively included the final determination, entitled "Memorandum to the File" ("Final PIA Memo"), in the Administrative Record because it is "tangentially related to the challenged decisions, to the extent that it explains the delay of about one month in executing GSA's decision to terminate the contract and issue a new solicitation." ECF No. 33 at 2. The Final PIA Memo lays out a timeline of the events underlying the PIA allegations and GSA's investigation thereof, but that timeline is only a partially complete set of facts that picks up where the Draft PIA Memo left off. The Final PIA Memo explicitly incorporates by reference certain factual information from the Draft PIA Memo without providing a separate overview of the content of that reference. *See* AR 780 (providing a "timeline of the events that took place subsequent to April 30, 2024, the last date identified in the [Draft PIA Memo]"). In essence, the existing Administrative Record assumes the reader's familiarity with the events outlined in the Draft PIA Memo—without including the draft memorandum itself. If, as the Government concedes, the timing of the PIA investigation is tangentially related to review of the challenged decisions in this case, then the full timeline must be included in the Administrative Record.

The Court, however, agrees that some parts of the submission that the Government provided *in camera* need not be included in the Administrative Record on privilege grounds. Two doctrines are relevant here: attorney-client privilege and the deliberative-process privilege. The attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The privilege "does not shield all information that a client divulges to an attorney, or vice versa, but rather is limited to instances where legal advice is sought or rendered." *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 90 (2007) (quoting *Pac. Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784, 810 (2006)). The privilege is not limited to private litigants; it extends to communications by the Department of Justice to a client agency and by the agency's attorneys to non-attorneys "seeking or being provided with legal advice." *Id.* at 91. The privilege "does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Further, the broad subject matter and general nature of the communication or the specific attorney-client relationship are generally not privileged. *Oasis Int'l Waters, Inc. v. United States*, 110 Fed. Cl. 87, 100 (2013). But a particular fact's inclusion in a client communication may be privileged where it "partially reveals the substance of the client's privileged communication to an attorney." *Id.* at 99–100.

The deliberative-process privilege protects the "decision making processes of government agencies" by protecting from public disclosure certain documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (quoting *Tennessean Newspapers, Inc. v. Fed. Hous. Auth.*, 464 F.2d 657, 660 (6th Cir. 1972); *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966)). The privilege encourages

candor among executive agencies by ensuring documents generated during an agency's deliberations about a policy or decision do not become public. *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 263 (2021). The privilege does not extend to documents that "embody a final decision." *Id.* at 268. Nor does it extend to "investigative information or facts" considered during the Government's "decision-making processes." *United Affiliates Corp. v. United States*, 154 Fed. Cl. 335, 343 (2021) (holding such information is "discoverable and not protected" under the privilege). Documents must be both "predecisional," *i.e.*, "generated before the agency's final decision on the matter," and "deliberative," *i.e.*, "prepared to help the agency formulate its position," to be protected. *Sierra Club*, 592 U.S. at 268. The privilege is qualified in that it may be overcome by a strong showing of need that may justify breaching the privilege. *United Affiliates*, 154 Fed. Cl. at 344.

Considering the Government's description of the privileged materials, and based on a review of the *in camera* submission, the Court determines that certain portions of the Draft PIA Memo and certain of the associated attachments are privileged under the deliberative-process privilege and/or attorney-client privilege.[2] The remainder of the submission largely contains factual and investigative information relevant to the timeline of events leading up to the alleged PIA violations and subsequent investigation, which is segregable from the privileged information. *See id.* at 343. Accordingly, the Government should complete the Administrative Record with a

---

[2] Having reviewed the submission, the privileged materials and information outlined herein do not provide the level of proof required to demonstrate bad faith or improper behavior, which would warrant completion of the record with pre-decisional, deliberative materials. *See* ECF No. 34 at 10–11 (collecting cases) (discussing standard for a plaintiff challenging a decision as pretextual to obtain pre-decisional, deliberative materials). Correspondingly, even under the supplementation standard, the materials and information are not necessary "to permit meaningful judicial review." *Axiom*, 564 F.3d at 1380; *see* ECF No. 42 at 11–12.

5

redacted version of the Draft PIA Memo. The following privileged information may be redacted or withheld:

(1) In the "Findings" section, the bullet points associated with 04 April 2024 (two entries), 05 April 2024, and 09 April 2024 on pages 2–3 of the memorandum;
(2) The entire "Determination" section on pages 4–5 of the memorandum; and
(3) Attachments 6–9, 11–16, and 23, with corresponding redactions to document titles in the "Attachments" section on page 6 of the memorandum, to the extent the titles reveal privileged information.

For these reasons, the Court **GRANTS IN PART** Plaintiff's Motion to Complete the Administrative Record (ECF No. 18). The Government shall file an amendment to the Administrative Record consistent with this order **by no later than February 7, 2025**.

Additionally, the parties shall confer on a timeline for resuming the dispositive briefing schedule in this case. A Joint Status Report reflecting the parties' proposed revised schedule is due **by no later than February 14, 2025**.

**SO ORDERED.**

Dated: January 31, 2025                                   */s/ Kathryn C. Davis*
                                                          KATHRYN C. DAVIS
                                                          Judge