IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| CAN SOFTTECH, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 24-1009 |
| v. | ) ) | Filed: September 10, 2025 |
| THE UNITED STATES, | ) ) | Re-issued: September 26, 2025* |
| Defendant. | ) ) ) | |

**ORDER**

On August 21, 2025, Plaintiff CAN Softtech, Inc. ("CSI") filed a motion seeking an order requiring the Government to complete the Administrative Record with additional evidence. *See* Pl.'s Mot. to Compel and/or to Complete the Post-Remand Admin. R., ECF No. 65. For the reasons that follow, the Court **DENIES** CSI's Motion.[1]

CSI seeks production of two documents cited in the General Services Administration's ("GSA") Supplemental Decision Document ("SDD") issued on remand: (1) the "draft RFQ [Request for Quotes]" and (2) the "revised PWS [Performance Work Statement]." *Id.* at 1. CSI argues both documents are relevant to GSA's rationale for cancelling the solicitation and GSA relied on or described the documents to explain its cancellation decision. *Id.* at 6–7, 8. CSI further maintains that the issue of privilege does not prevent production of the documents because, for the

---

* The Court issued this opinion under seal on September 10, 2025, and directed the parties to file any proposed redactions by September 17, 2025. As the parties did not propose any redactions, the Court reissues the opinion publicly in full.

[1] In an effort to expeditiously resolve CSI's Motion before its September 11, 2025, deadline for filing the Third Amended Complaint, the Court only briefly summarizes its reasoning in this Order. The Court will provide a more fulsome explanation of its ruling in the opinion and order on the merits.

portions of the documents cited, the information is either not subject to the deliberative process privilege or the Government has waived such privilege. *Id.* at 6–9. The Government contends that the documents are privileged and thus properly excluded from the Administrative Record absent allegations of bad faith or improper conduct, which CSI does not assert, and that the Government has not waived such privilege. Def.'s Resp. in Opp'n to Pl.'s Mot. to Compel and/or Complete the Post-Remand Admin. R. at 1–4, ECF No. 67.

On September 8, 2025, the Court held a status conference on CSI's Motion. *See* Order Granting Pl.'s Unopposed Mot. for a Status Conf. in Lieu of Reply, ECF No. 68. Following the status conference both parties provided supplemental submissions on the issue of waiver. *See* Pl.'s Submission of Suppl. Case Citations in Supp. of Mot. to Compel and/or Complete the Post-Remand Admin. R., ECF No. 69; Def.'s Suppl. Br., ECF No. 70.

The Court previously denied in part CSI's Motion to Complete the Administrative Record seeking production of, among other information, "documents reflecting proposed revisions of the Solicitation and/or GSA's effort to effect the changes suggested in the D&F Memo." *CAN Softtech, Inc. v. United States*, 173 Fed. Cl. 480, 483 *reconsideration denied*, 174 Fed. Cl. 412 (2024). The Court held that such documents were privileged internal pre-decisional, deliberative documents, and therefore not part of the Administrative Record unless CSI showed that GSA engaged in bad faith, improper behavior, or bias. *Id.* at 488. Both documents CSI now seeks to have the Government produce fall within the same category of privileged internal deliberative documents on which the Court already ruled. And similar to its prior motion, CSI has not shown (indeed, it does not even allege) that completion is warranted by well-grounded allegations of bad faith or improper conduct by GSA. *See id.* at 489.

In an effort to demonstrate changed circumstances, CSI argues that the SDD—issued after the Court's ruling—cites to, relies on, or describes the documents. The minor and infrequent references to the "draft RFQ" and "revised PWS" in the SDD do not constitute waiver of the deliberative process privilege. Although an agency may waive the deliberative process privilege if the "agency chooses expressly to adopt or incorporate by reference" an otherwise privileged document into a non-privileged final decision, *see Nat'l Lab. Rels. Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975), "minor references to [a privileged document] cannot be said to be an express adoption or incorporation." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 81 (2d Cir. 2002) (citing *Access Reps. v. Dep't of Justice*, 926 F.2d 1192, 1197 (D.C. Cir. 1991) (distinguishing between "reference to a report's conclusions [and] adoption of its reasoning," and noting that "it is the latter that destroys the privilege"); *Common Cause v. Internal Revenue Serv.*, 646 F.2d 656, 660 (D.C. Cir. 1981) (holding that a "casual allusion in a post-decisional document to subject matter discussed in some pre-decisional, intra-agency memoranda" does not waive deliberative process privilege)). The citations to the "draft RFQ" and "revised PWS" in the SDD are sparse and do not expressly adopt or incorporate the underlying reasoning of either document. As such, these minor references do not constitute waiver.

Further, compelling production of the "draft RFQ" and "revised PWS" prior to GSA issuing a final solicitation would harm the Government, diminishing the quality of the procurement process by discouraging candor in internal agency deliberations. *Cf. Dudman Commc'ns Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987); *see Dairyland Power Coop. v. United States*, 77 Fed. Cl. 330, 341 (2007) ("[I]f a document is deliberative and predecisional some harm to the consultative process is presumed to result from disclosure." (citing *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001)); *In re United States*, 678 F. App'x

3

981, 988 (Fed. Cir. 2017) ("The critical inquiry" underlying the deliberative process privilege "is whether protection of the materials would promote better policymaking by encouraging candor in internal deliberations."). Here, production of the "draft RFQ" and "revised PWS" would harm the Government by chilling candor in deliberations surrounding future agency actions.

Because the "draft RFQ" and "revised PWS" are privileged internal pre-decisional, deliberative documents, and the Government has not waived the privilege, the "draft RFQ" and "revised PWS" are not properly considered part of the Administrative Record. And because CSI has not alleged bad faith or improper conduct, it has not met its burden to justify a request for completion. Accordingly, the Court **DENIES** Plaintiff's Motion to Compel and/or to Complete the Post-Remand Administrative Record (ECF No. 65).

**SO ORDERED**.

Dated: September 10, 2025               */s/ Kathryn C. Davis*
                                        KATHRYN C. DAVIS
                                        Judge